HARTSFIELD, Sheriff, *v.* CARTER.

[99 So. 265.  No. 23896.]

(Division A.  Feb. 18, 1924.  Suggestion of Error Overruled March 17, 1924.)

1. DRAINS.  *Assessment to pay additional bonds of drainage district invalid if made without giving opportunity to object.*

    An assessment of a tax for the payment of additional bonds of a drainage district under section 46, chapter 197, Laws 1912, is invalid if made without an opportunity being given to the land-owners of the district to object thereto.

2. DRAINS.  *Order of drainage commissioners must show assessment roll approved, confirmed, and ordered filed.*

    In order for the assessment roll of a drainage district organized under chapter 197, Laws of 1912, to be valid, it must appear from an order of the drainage commissioners reciting the neces-sary jurisdictional facts that it was approved, confirmed and ordered to be filed.

APPEAL from chancery court of Lafayette county.
HON. J. G. McGOWEN, Chancellor.

Suit by R. C. Carter against J. C. Hartsfield, sheriff and tax collector of Lafayette county.  From a decree for plaintiff, defendant appeals.  Affirmed.

*James Stone, Oldham, Stone & Stone,* for appellant.

I.  The appellee, having failed to avail himself of a remedy provided him by chapter 197 of the Laws of 1912, is now concluded, and this matter is now *res adjudicata.* The evidence is undisputed that the appellee appeared before the county board of drainage commissioners on the 15th day of May, 1920, and objected to the issuance of the eleven thousand dollars additional bonds, and did not appeal from the action of the said county board of drainage commissioners to the chancery court of Lafay-

ette county. *Avent* v. *Markette* (1915), 109 Miss. 835, 69 So. 705; *Sabougla Creek Drainage District No. 2* v. *Provine* (1922), 130 Miss. 761, 94 So. 889; *Richardson et al.* v. *Board of Supervisors of Neshoba County* (1922), 128 Miss. 869, 91 So. 565; *Wheeler & Sibler* v. *Bogue Phalia Drainage District* (1913), 106 Miss. 619, 64 So. 375; *Allen* v. *Hopson Bayou Drainage District* (1913), 106 Miss. 630, 64 So. 418. See, also, the case of *White et al.* v. *Lake Cormorant Drainage District* (1922), 130 Miss. 351, 94 So. 325; *Leonard et al.* v. *Arnold et al.* (1910), 244 Ill. 429, 91 N. E. 534. The general law is set out in 19 C. J. 745.

In conclusion, we call the attention of the court to the fact that appellee had his right of appeal from the issuance of these bonds under section 46 of the act.

II. It was not necessary to file an additional assessment roll prior to the issuance of the eleven thousand dollars additional bonds of said Wells drainage district. The appellee grounds his contention in this case on section 46 of the act, which is the only section relating to the issuance of additional bonds. In the first place, it is expressly provided by section 25 that bonds may be issued for the total amount of the assessed benefits and damages. The total amount of benefits as provided in the original assessment roll, filed March 9, 1920, was ninety-three thousand five hundred and sixty dollars. The total amount of bonds issued, including the bonds whose validity is now contested, is thirty-eight thousand dollars. So as a matter of calculation, the total amount of bonds of this drainage district outstanding, with all principal and interest, does not exceed more than two-thirds of the assessed benefits of said district, as shown by the original assessment roll.

III. The chancellor erred in excluding the proof offered by appellant as to the making, approving, confirming and filing of the additional assessment roll of the

said Wells drainage district prior to the taking of any steps for the issuance of the eleven thousand dollars additional bonds of the said Wells drainage district.

This is not a question of varying the minutes of the county drainage board by parol testimony. This is a situation where the record is silent and under the well-known rule, parol testimony is competent to show the filing of a paper which is a part of the record, and which has been lost, the record itself being silent. The appellant offered a certified copy of the additional assessment roll which he alleged had been filed. This certified copy was marked, docketed and filed on the back, and was marked filed by the clerk of the drainage board.

There is no testimony whatever in opposition to these facts; even the clerk of the board testifies that he does not remember whether or not the additional roll was filed prior to the issuance of the additional bonds, so that there can be no question as to the value to appellant of this testimony.

This was an attempt to explain the loss of an original paper, which constituted a part of the record, and to introduce a certified copy made by the clerk of the drainage board himself.

*T. H. Somerville* and *Harry M. Bryan,* for appellee.

Under appellant's first assignment of error he contends that appellee failed to avail himself of the remedy provided in chapter 197, of the Laws of 1912, and that the case is now *res judicata.* In support of this contention he argues that complainant, appellee, should have appealed to the chancery court when he first registered his objection to the proposed issue of bonds, May 15, 1920. We contend that at this time there was nothing of record to appeal from, no assessment roll having been filed as provided by law, and, it is too well settled to ad-

mit of argument that the county drainage board can speak only through its minutes.

Chapter 197 of the Laws of 1912, which is the source of the existence of this drainage district, sets out a complete scheme for the creation and government of such districts, and the requirements of this chapter must be complied with before a lien will attach to the lands of a taxpayer. This chapter requires the approval, confirmation, and filing of a roll showing *the assessment of tax against each landowner* to meet the payment of principal and interest of each and every bond issued by the county board *before the said bonds are issued,* and are given an issue date from which to bear interest.

We wish to distinguish the filing of a roll that shows the *assessed benefits* (as a whole) from such a roll as will show the assessment of tax against the landowner. In other words, in the Wells drainage district the assessment roll as originally filed before the issuance of twenty-seven thousand dollars of its bonds showed the theoretical or calculated total benefit to the landowners in dollars and cents to be something like ninety-three thousand dollars. Now, the question is, can the county board issue bonds of the district up to this total calculated benefit without the actual filing, approval and confirmation of assessment rolls that show just what each landowner shall have to pay by way of tax to retire them and pay their interest coupons? We contend that it is both the letter and spirit of the law that the taxpayer shall have an opportunity to know how much money he is going to be expected to pay in every bond issue of a drainage district, and without this opportunity a lien on his lands will not attach.

Appellant states in his second assignment of error that it was not necessary to file an additional assessment roll prior to the issuance of the eleven thousand dollars additional bonds in this case. Now, we respectfully submit that the language *"shall order the same to be ap-*

*proved and confirmed and filed,"* is absolutely vital to the validity of bonds predicated upon the assessment, if any was made, and to the validity of the tax herein enjoined.

What other construction could be placed upon sections 22, 23, 24, 25, 26, and 46 than that they must be strictly complied with in order to carry out the due process clause of the state Constitution? Is a mere filing sufficient? We say that it is not. It is not filed with the clerk of the drainage board *until after it has been approved, confirmed, and ordered filed.*

The undisputed proof in the instant case is that the very first time the county board entered an order with reference to the new assessment roll covering the additional issue of eleven thousand dollars of bonds was in September, 1920. The board had already issued, months before, the said bonds, and had given them the issue date of May 15, 1920, and interest thereon immediately began to accrue.

As a matter of law, can appellee be compelled to prove by a resort to a process of elimination that such a roll was not in fact approved at the time of, or before the interest bearing debt was incurred? Or, does not the law require all jurisdictional matters to affirmatively appear upon the minutes of the board exercising the extraordinary powers and functions of a taxing entity? The county drainage board is a corporate entity, made an inferior court of record by statute, and is required to give notice of every step taken by it that affects the right of the landowner to be apprised of liens made by it upon his property. Were it not so then the whole scheme would be clearly unconstitutional and void. The general purport of the legislature to provide safeguards for the landowners is reflected in *Gum Ridge Drainage District* v. *Clark & Parker,* 86 So. 859.

The precise question raised in this case has not come before the supreme court for adjudication. We can be

guided only by precedents that have been set in the matter of general taxation for local improvements. There is no need for us to cite the many cases holding the taxing power to the very strictest adherence to its legislative creation. Jurisdictional matters affecting issues of bonds under the authority of boards of supervisors must appear affirmatively on the face of its records. If the minute book is silent, parol testimony cannot be introduced to supply the defect. The approval, confirmation and filing (the statute says *shall order filed*) of an assessment roll, we maintain, is absolutely necessary to create an adjudicated lien on appellee's property. There is only one way in which the county drainage board could *order* filed an assessment roll and that is *by its minutes.*

The notice given in this case, before the additional bonds were issued, simply gave notice of the intention of the board to issue them. One objection was filed; that of the appellee herein. Until four months had elapsed after the issuance of the bonds, no assessment roll had been prepared, approved and ordered filed by the board.

*James Stone, Oldham, Stone & Stone,* for appellant in reply.

Counsel says that the county drainage board can speak only through its minutes. This is simply an evasion of the issue. What happens when the minutes themselves are silent? We refer the court to: *Walton* v. *Forsdick,* 25 So. 688; *Scott* v. *Loomis,* 13 S. and M. 635; *Wise* v. *Keer Thread Company,* 84 Miss. 200, 36 So. 244; *Turner* v. *Thomas,* 77 Miss., 864, 2 So. 803.

The question here at issue is whether, the minutes being silent, parol testimony can be introduced to prove the previous existence, and later loss of a paper forming part of the record itself, and whether a certified copy of such paper can then be introduced. We call the attention of the court to the fact that the county board of drainage commissioners is not, strictly speaking, a court, but is simply a *quasi*-judicial body. It is also our contention that everything necessary to make the actions of

the county board valid is *prima-facie* presumed until the
contrary is shown.

Appellee cites *Gum Ridge Drainage District* v. *Clark
and Parker* (1920), 124 Miss. 382, 86 So. 859. In this
case the district drainage commissioners changed the
whole contract and contracted for an additional expense
without any authority of law. None of the landowners
in that case ever had any right to be heard, but this
appellee has been heard, as this record shows, but wants
to go on being heard indefinitely.

Argued orally by *Phil. Stone,* for appellant, and *Harry
M. Bryan,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree perpetually enjoining
the appellant, a sheriff and tax collector, from selling
land owned by the appellee for the payment of a drain-
age tax levied on the lands of a drainage district in
which the land lies.

The cause was heard on bill, answer, and proof from
which the following facts appear, The Wells drainage
district was organized prior to 1919 under the provisions
of chapter 197, Laws of 1912. In 1919 bonds of the dis-
trict to the amount of twenty-seven thousand dollars
were issued and sold. The total benefits to the district
from the work then proposed is assessed on the assess-
ment roll on which these bonds were issued at ninety-
three thousand five hundred sixty dollars, and the tax to
be collected was assessed at twenty-seven thousand and
five dollars and forty-four cents.

In April, 1920, the district commissioners requested
the county board of drainage commissioners to issue ad-
ditional bonds of the district to the amount of eleven
thousand dollars, whereupon the county board published
the two weeks' notice required by section 46 of the stat-

ute that it would hear objections to the issuance of the bonds on May 13th. The appellee appeared before the board pursuant to the notice, and objected to the issuance of the bonds; but his objection was overruled, and he did not appeal therefrom to the chancery court as under the statute he had the right to do. The bonds were then issued and sold. No additional assessment roll for the issuance of these bonds was made and filed until some time after they were issued and sold.

When the first installment of the tax levied for the payment of these additional bonds became due, the appellee declined to pay his part thereof, and the sheriff was proceeding to sell his land therefor when the injunction here in question was granted.

The appellant offered, but was not permitted, to prove by parol that the additional assessment roll had been made and was on file on the day appointed for hearing objections to the issuance of the bonds, but had been lost.

The appellant's contentions are: First, the appellee not having appealed from the order overruling his objections to the issuance of the bonds cannot now contest their validity; second, that additional bonds may be issued without a new assessment roll therefor to an amount which when added to the amount of all bonds theretofore issued will not exceed the total benefits assessed on the roll on which the original bonds were issued; and, third, the parol evidence of the existence of a proper additional assessment roll on the day appointed for hearing objections to the bonds should have been admitted.

If the tax levied for the payment of these bonds is void without reference to the validity *vel non* of the bonds, it will not be necessary for us to decide the first of the appellant's contentions, so that we will pretermit any discussion thereof and come at once to the second.

Section 46 of the statute provides that:

"In the event that the assessment of any district operating under the provisions of this act shall be insuffi-

cient to complete the work, the district drainage commissioners of the district may petition the county board of drainage commissioners to issue the bonds of said district for an amount sufficient to complete the work of said drainage district, and the county board of drainage commissioners shall issue the bonds of said district as prayed for in said petition, and any bonds issued for such purpose shall be issued and assessment made on the lands and shall be payable in like manner and shall be a lien on the lands of said district in the same manner as provided for hereinbefore for bonds issued under the provisions of this act. Provided, said bonds shall not be issued until the county board of drainage commissioners shall publish notice for two weeks of their intention to issue said bonds, and if no objection is made to the issuance of said bonds, the bonds thus issued shall be incontestable unless appeal is taken to the chancery court, as hereinafter provided.''     .

The method of apportioning the cost of the work proposed to be done when a district is formed is set forth in section 20 of the statute and is that there shall be made and filed ''a schedule or assessment roll  .  .  .  substantially in the following form:

''Name of     Description     Benefit.     Damages.     Assess-
  Owner.       of Land.                  ·                ment.
      Subdiv.S.T.R.Acres     $——       $——       $——''

The assessment that shall be insufficient to complete the work contemplated in section 46 of the act is manifestly the assessment that appears in the last column of the assessment roll and which is the amount apportioned to each tract of land for payment of the proposed work. That item is of more consequence, of course, to the landowner than the estimated benefit to his land, for it sets forth what he will be called on to pay therefor. The evident purpose of section 46 of the statute, though somewhat awkwardly expressed, is to make the requirements of section 20 *et seq.*, which provide for apportioning the

cost of the work proposed to be done to the various tracts of land benefited thereby, apply to the apportionment of the additional bonds to the various tracts of land. Section 22, 23, and 24 require that an opportunity be given to the landowners to object to the roll containing the apportionment of the cost of the proposed work or bond issues, so that no such opportunity having been given to the landowners here, the roll containing this apportionment is invalid and the tax thereon assessed cannot be collected.

The parol evidence of the making and loss of the additional assessment roll was properly excluded. By section 6 of the statute the county board of drainage commissioners is made a court of record. Consequently it can speak only through its minutes. In order for the roll to be valid it must appear from an order of the drainage commissioners reciting the necessary jurisdictional facts that it was approved, confirmed, and ordered to be filed.

*Affirmed.*